INTERNATIONAL HARVESTER Co. *v.* BROWNLEE BROTHERS.

5-1982                                   329 S. W. 2d 177

Opinion delivered November 30, 1959.

*Owens, McHaney, Lofton & McHaney,* for appellant.

*Frierson, Walker & Snellgrove, James M. Gardner* and *Marcus Evrard,* for appellee.

J. SEABORN HOLT, Associate Justice. The present action was instituted by Brownlee Brothers, a partnership, and the Monette State Bank, a corporation; against appellants, International Harvester Company, a corporation; M. O. Stevenson and J. W. Birdsong, to recover damages for the unlawful conversion by appellants of two tractors, title to which tractors was claimed by appellees, and on which appellee, Monette State Bank, held a note and contract executed by Brownlee Brothers whereby said bank retained title as mortgagee. From a jury verdict in favor of appellees in the amount of $7,500.00 is this appeal.

For reversal, appellants contend that the trial court erred in refusing appellant's request for an instructed verdict in their favor. We do not agree. The primary

and controlling question, as we read the record, is whether the title to the two tractors in question was in appellees at the time they alleged appellant's wrongful conversion of them. "Appellees agree that title must have passed for conversion to lie."

Briefly, the record reflects that on September 30, 1957, Van Hooser Implement Company, the authorized dealer for International Harvester Company, sold two 450 diesel tractors and other related equipment to Brownlee Brothers and that the Brownlees and Van Hooser signed a conditional sales contract covering the two tractors. This contract provided for delivery on February 1, 1958. There was evidence that Van Hooser changed the delivery date on the contract and thereafter sold it to appellee, Monette State Bank. It appears to be undenied that Van Hooser was International Harvester's agent with the right to sell the tractors. Under the terms of the agreement, Brownlee Brothers paid for the tractors by note to Van Hooser in the amount of $6,183.21 and delivered certain used equipment to Van Hooser in payment of the balance of the purchase price. Van Hooser immediately hypothecated this note with the Monette State Bank. The record reflects that in December 1957, Brownlee Brothers discovered that the Monette State Bank had their contract and the bank learned that the tractors had not, in fact, been delivered. At this point, the Brownlees at once contacted Van Hooser and International Harvester and they learned that Van Hooser was in a bad financial condition and Harvester was trying to assist him, their dealer, to get on his feet financially and continue as their dealer. The evidence shows that the appellees, in talking with Van Hooser and International Harvester agents, received no notice whatever that International claimed title to the tractors, but on the contrary, Harvester's dealings with appellees amounted to ratification of the sale of the tractors to appellees.

Appellant, Stevenson, Harvester's agent, testified that he "—Met Mr. Brownlee January 10th in the morning, discussed his purchase with Van Hooser Implement

Company of two 450 diesel tractors'' and no mention was made as to Harvester's claim of title, but appellees were assured that the two tractors which they had purchased were in Jonesboro and would be delivered to them.

Appellant, Birdsong, the other Harvester agent present at the trial, did not testify as to any claim of title by Harvester or of any notice to appellees of any purported claim of title by Harvester. There was evidence that following the promise of Van Hooser and Harvester to the Brownlees that the tractors were in Jonesboro and delivery would be made at Monette, Harvester had the two Brownlee tractors transferred from a Harvester lot in Jonesboro to the Van Hooser lot in Monette and they were parked outside for the Brownlees to pick up. The evidence reflects that Harvester made no claim to the tractors but on the contrary, stated that they were the Brownlee tractors. Sometime during the night following the return of the tractors to the Van Hooser lot, Harvester ordered the two tractors to be repossessed and placed on a Harvester lot in another city and this was done by International's agents and employees, depriving the Brownlees of their possession and use.

As indicated, the taking possession of the tractors by International Harvester is admitted. It is also undisputed that the Brownlees paid for the tractors, delivered to them by the dealer, Van Hooser and Harvester when they were brought from Jonesboro and placed on the lot in Monette, with the request that the tires be changed which was being done at the time of the conversion by Harvester. ''It seems to be well recognized under the modern decisions at least, that where the sale is of specific identified property the title may pass, if such is the intention of the parties, even though something remains to be done by the seller to put the property in its final condition* * *'', American Jurisprudence 46, Sec. 420, Page 590, Sales. The tractors were in a deliverable state and the tire changes did not alter passage of title to the Brownlees.

Under the provisions of the Uniform Sales Act, Sec. 68-1418 Ark. Stats. 1947, Ann., it is provided: "68-1418. PROPERTY IN SPECIFIC GOODS PASSES WHEN PARTIES SO INTENDED.—(1) Where there is a contract to sell specific or ascertained goods, the property in them is transferred to the buyer at such time as the parties to the contract intend it to be transferred.

"(2) For the purpose of ascertaining the intention of the parties, regard shall be had to the terms of the contract, the conduct of the parties, usages of trade and the circumstances of the case. (Acts 1941, No. 428, Sec. 18, p. 1231.)"

In the circumstances and on the record presented, the question whether title was in International Harvester, its dealer, Van Hooser, or appellees, was a question of intent and as such, a jury question. The court, by proper instruction about which no complaint is made, submitted this question to the jury and we hold that the verdict of the jury, which was, in effect, a finding that title to the tractors was in appellees and that such was the intention of the parties, was supported by substantial evidence.

Accordingly, we affirm.